IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Blondell Richardson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. # 2:09-0945-PMD |
| | ) | |
| v. | ) | **<u>ORDER</u>** |
| | ) | |
| BP America, Inc. and BP | ) | |
| Corporation North America, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff's Motion to Remand. Defendant removed this case based upon diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen and resident of Berkeley County, South Carolina, and Defendant is a corporation whose place of incorporation and principal place of business are outside of South Carolina; therefore, the only question for purposes of § 1332 is whether the "matter in controversy exceeds $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

Defendant, as the party seeking removal, has the burden of establishing that the amount in controversy is jurisdictionally sufficient. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). In her complaint, Plaintiff seeks "an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under the law, and just and proper, such amount being less than $74,000.00." (Compl. at 4.)[1] Generally, a plaintiff is the master of his complaint and may "resort to the expedient of suing

---

[1]South Carolina Rule of Civil Procedure 8(a) provides in pertinent part:

> Relief for a sum certain in money may be demanded for actual
> damages, but claims for punitive or exemplary damages shall
> be in general terms only and not for a stated sum; provided, however,

for less than the jurisdictional amount, . . . *though he would be justly entitled to more*" in order to avoid federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (emphasis added); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *cf. also Kutzik v. Young*, 730 F.2d 149 (4th Cir. 1984) (holding in the context of federal question jurisdiction that "[a]lthough Kutzik would have had no right to keep his suit in state court if federal law allowed removal, he could draw his state complaint to avoid grounds for removal").

Defendant acknowledges that the complaint effectively limited the amount in controversy, but it argues that the case has become removable based upon the fact that Plaintiff did not verify under oath that the total amount of damages she suffered is less than $74,000.00, or that she would not seek damages in excess of $74,000.00. "The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction now." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Plaintiff has expressly represented to this court that she is "...seeking less than the jurisdictional limits."[2] (Pl.'s Reply at 2); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (concluding that post-removal submissions, such as affidavits, may be considered "if the basis for jurisdiction is ambiguous at the time of removal").

---

> a party may plead that the total amount in controversy shall not exceed a stated sum which shall limit the claim for all purposes.

[2] In light of Plaintiff's representations, this court would find Plaintiff to be estopped from subsequently seeking a recovery of greater than $75,000. *Sanford v. Gardenour*, 252 F.3d 659, 2000 WL 1033025 at *3 (6th Cir. 2000) (unpublished); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (noting that plaintiffs should not be permitted "to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand").

Because the amount in controversy does not exceed $ 75,000.00, Defendant is not entitled to invoke diversity jurisdiction. Thus, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to state court.

It is, therefore,

**ORDERED,** for the foregoing reasons that Plaintiff's Motion to Remand is hereby **GRANTED**.

**AND IT IS SO ORDERED.**

_____

PATRICK MICHAEL DUFFY

United States District Judge

September 24, 2009
Charleston, South Carolina